IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TEAMSTERS LOCAL UNION            *
NO. 355 A/W INTERNATIONAL
BROTHERHOOD OF TEAMSTERS,        *
AFL-CIO

       Plaintiff             *

  vs.                           *   CIVIL ACTION NO. MJG-02-568

PERISHABLE DELIVERIES, INC.      *

                             *

       Defendant
\*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

The Court has before it Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, Plaintiff's Cross-Motion for Summary Judgment, and the materials submitted by the parties related thereto. The Court finds a hearing unnecessary.

I.   BACKGROUND

Teamsters Local Union No. 355 ("the Union") filed the instant case to compel compliance with an arbitration provision in the collective bargaining agreement ("CBA") between the Union and Defendant Perishable Deliveries, Inc. ("Defendant" or "Perishable"). The underlying facts are essentially undisputed. On or about March 27, 2001, a Perishable driver, Gary T. Stencil, Sr. ("Stencil"), resigned his employment. Stencil claimed that

he was owed pay for certain accrued but unused vacation and other leave time to which he was entitled to be paid under the terms of the CBA. Perishable refused to pay Stencil for the unused leave time. The Union then filed a grievance on Stencil's behalf on or about April 3, 2001.

> Under the CBA:
>
> [A] grievance is defined as a complaint, dispute, or controversy between the parties as to the interpretation or application of this Agreement by the Employer. Grievances which arise during the term hereof shall be resolved by the following procedure exclusively, and in the order specified:
>
> Step 1: A Grievance shall be taken up with the Employee's immediate Supervisor within three (3) working days after the reason for the grievance has occurred. If the grievance is not resolved, Step 2 shall apply.
>
> Step 2: The grievance shall be immediately reduced to writing by the aggrieved party. Within fifteen (15) working days after the matter has been submitted to the Employee's immediate Supervisor, the Shop Steward and the aggrieved party will have a meeting with the authorized party representative.
>
> Step 3: Within ten (10) working days [of the "Step 2" hearing with the company representative], the aggrieved party, Shop Steward, and authorized representative of the Union shall meet with the Employer. If the grievance is not resolved, Step 4 shall apply.
>
> Step 4: Grievances not resolved following the above three (3) steps may be submitted to arbitration [if written notice is given]....
>
> CBA, Article 15.

The Union apparently pursued the subject grievance through Steps 1 and 2.  The Step 3 meeting was scheduled for April 20, 2001.  The Union Representative, Marcus Smith ("Smith") and management, represented by Perishable President Lynn Fleming ("Fleming") were present, but Stencil did not appear.  After waiting for ten minutes, Fleming, refusing Smith's request to hold the meeting without Stencil's presence, postponed the meeting.  No Step 3 meeting has yet been held.

On April 30, 2001, the Union notified Perishable of its intent to pursue arbitration of the grievance under Step 4 of the CBA's grievance procedures.  Perishable refused to participate in the arbitration.  On February 21, 2002, the Union filed the instant suit to compel arbitration.

By their instant Motions, both parties rely upon evidence outside the four corners of the Complaint.  Neither party suggests that there is a genuine issue of material fact. Accordingly, it appears that summary judgment is appropriate[1] but, of course, the parties disagree as to which side is entitled to prevail.

---

[1] A motion for summary judgment shall be granted if the pleadings and supporting documents "show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure.

III. <u>DISCUSSION</u>

   A.   <u>The Proper Role of the Court and the Arbitrator in Deciding this Dispute</u>

The ultimate question presented is whether the Union may compel the Defendant to engage in Step 4 arbitration before there has been a Step 3 meeting including the aggrieved employee himself. There is a threshold question of whether the Court, or an arbitrator, should decide the ultimate question.

In <u>AT&T Technologies, Inc. v. Communication Workers</u>, 475 U.S. 643, 648 (1986), the Supreme Court stated that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." Further, "the question of arbitrability - whether a collective bargaining agreement creates a duty for the parties to arbitrate a particular grievance - is undeniably an issue for judicial determination." <u>AT&T</u>, 473 U.S. at 648-49.

It is well-established that questions of the arbitrability of a dispute are for a court to decide while, once arbitrability is determined, procedural issues "which grow out of the dispute and bear on its final disposition should be left to the arbitrator." <u>John Wiley & Sons v. Livingston</u>, 376 U.S. 543, 557 (1964). The question here is which kind of issue is presented.

The Fourth Circuit has not squarely addressed the issue here

4

presented, and other tribunals have reached conflicting results. Some courts have held that compliance with a prescribed grievance procedure is a procedural issue incident to arbitration and thus should be determined by the arbitrator after arbitration has been ordered. See, e.g., Niro v. Fearn Int'l, Inc., 827 F.2d 173, 176 (7th Cir. 1987), Bechtel Const. v. Laborers Int'l Union of North America, 812 F.2d 750, 753-54 (1st Cir. 1987). However, other courts have held that the satisfaction of a condition precedent to arbitration is properly within the court's jurisdiction to determine. See, e.g., T&G Const. Co., Inc. v. Sheet Metal Workers Int'l Assoc., 791 F.Supp 127, 131 (D. Md. 1992); General Drivers, Warehousemen, and Helpers Local Union 89 v. Moog Louisville Warehouse, 852 F.2d 871, 872 (6th Cir. 1988); Kemiron Atlantic, Inc. v. Aguakem Int'l, Inc., 290 F.3d 1287, 1291 (11th Cir. 2002); Philadelphia Printing Pressman's Union No. 16 v. International Paper Co., 648 F.2d 900 (3rd Cir. 1981); United Steelworkers of America v. Cherokee Electric Cooperative, 1987 WL 17056 (N.D. Ala. 1987), aff'd, 829 F.2d 1131 (11th Cir. 1987).

The Court finds more persuasive the authorities which support the view that the Court, not the arbitrator, should decide whether the prerequisites to arbitration specified in the CBA have been met. Accordingly, the Court shall decide whether

the Union was entitled to require the Defendant to arbitrate under the CBA at issue.

### B. <u>Arbitrability of this Dispute</u>

Certainly, the underlying dispute presents issues that the CBA renders arbitrable. Just as certainly, the CBA was drafted pursuant to the parties' intention "to make arbitration a dispute resolution mechanism of last resort." <u>see</u> <u>Kemiron Atlantic</u>, 290 F.3d at 1291. The parties intended, as expressed in the CBA, to require Steps 1, 2 and 3 to take place prior to submitting any grievance to arbitration.

The CBA states that "[g]rievances which arise during the term hereof shall be resolved by <u>the following procedures exclusively</u>, and <u>in the order specified</u>." CBA, at Article 15 (emphasis added). Thus the Union may not avoid compliance with the prescribed process and still be entitled to arbitration.

Moreover, the CBA requires the presence of the aggrieved employee himself at the Step 3 meeting. The CBA states that "[w]ithin ten (10) working days, the "<u>grievant... shall meet with the employer</u>." CBA, at Article 15 (emphasis added). The Union has not presented any argument as to why this phrase should be interpreted to permit the grievant to be absent from the meeting

6

or as to why there may be circumstances in the instant case[2] warranting the Court to find that the personal appearance prerequisite should be deemed inapplicable.

The Union need only have the aggrieved party present at a Step 3 meeting to render the underlying dispute arbitrable. It has not done so, and presents no valid excuse why it has not done so.

In sum, the Union and the Employer entered into a CBA creating a grievance procedure in which arbitration was to be a last resort available only when the specified conditions precedent had been satisfied. Because the Union and aggrieved employee have not complied with the Step 3 condition, the Union cannot, over the Defendant's objection, proceed to Step 4 and compel Perishable to arbitrate the underlying dispute.

IV. <u>CONCLUSION</u>

For the foregoing reasons:

1. Defendant's Motion to Dismiss is DENIED.

2. Defendant's Motion for Summary Judgment is GRANTED.

3. Plaintiff's Cross-Motion for Summary Judgment is DENIED.

---

[2] For example, the death, illness, or other circumstances making the employee's personal presence impossible or impracticable.

4. Judgment shall be entered by separate Order.

SO ORDERED this  31st  day of October, 2002.

_____
Marvin J. Garbis
United States District Judge